UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JACQUELINE KAMIN**, individually and on behalf of herself and others similiarly situated,

 Plaintiff,

v.

**R.K.J., INC.**, Domestic Profit Corporation,

 Defendant.
_____/

CASE NO.:

**JURY DEMAND**

**COLLECTIVE ACTION COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

Plaintiff, Jacqueline Kamin, on behalf of herself and all other employees and former employees similarly situated, by and through their undersigned counsel, files this Collective Action Complaint against Defendant, R.K.J., Inc. and states:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

**PARTIES**

3. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Eastern District of Michigan.

4. At all times material hereto, Defendant was, and continues to be a Domestic Profit Corporation, engaged in business in Michigan, with a principle place of business in Taylor, Michigan.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

6. Plaintiff regularly processed credit card transactions as part of her regular duties for Defendant.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA. Named Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods and services," in that the Defendant's employees provide goods and services within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant is and was in excess of $500,000.00 per annum for all relevant time periods.

13. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

14. At all times material hereto, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

16. Defendant owns and operates four (4) McDonald's franchises in Michigan.

17. One of Defendant's restaurants is located at 26730 Eureka Rd., Taylor, Michigan 48180.

18. One of Defendant's restaurants is located at 23333 Eureka Rd., Taylor, Michigan 48180.

19. One of Defendant's restaurants is located at 18787 Northline Rd., Southgate, Michigan 48195.

20. One of Defendant's restaurants is located at 5550 West Michigan Avenue, Ypsilanti, Michigan 48197.

21. Jessica Glazer is Defendant's district manager for all four locations.

22. Defendant's four locations are owned and operated by Kareem Jallad and Nasser Jallad.

23. Defendant implements and enforces the same policies and procedures in all four of Defendant's McDonald's locations.

24. Defendant hired Plaintiff to work as an hourly-paid crew member in approximately 2012.

25. Plaintiff primarily worked at Defendant's 26730 Eureka Rd. location.

26. Plaintiff also worked Defendant's 23333 Eureka Rd. location.

3

27. Defendant's employees regularly work in multiple locations for Defendant.

28. Plaintiff worked as a crew member until approximately 2014.

29. Plaintiff was hired to work for Defendant again in approximately February 2017.

30. She remained employed with Defendant until approximately November 2017.

31. Plaintiff's primary duties were taking customer orders, preparing customer orders, and completing customer order transactions.

32. Plaintiff worked in excess of forty (40) hours in various work weeks throughout the duration of her employment with Defendant.

33. However, Plaintiff was not properly compensated for all her overtime hours worked during the relevant time period.

34. Instead, Defendant systematically paid, and continue to pay, Plaintiff and other similarly-situated employees for substantially fewer hours than they actually worked.

35. These unpaid wages stem from the Defendant's practice of "shaving" hours in an effort to avoid paying Plaintiff and their hourly-paid laborers for their overtime hours worked.

36. Ms. Glazer, Defendant's district manager, advised Plaintiff that it is a company policy to not pay overtime compensation for overtime hours worked.

37. At various material times throughout the duration of Plaintiff's employment, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a given workweek.

38. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as statutorily required by the FLSA.

39. Defendant has violated Title 29 U.S.C. § 207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week in at least some weeks for Defendant during the relevant time period;

   b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendant and as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

40. Plaintiff retained the law firm of MORGAN & MORGAN, P.A., to represent her in the litigation.

**COLLECTIVE ACTION ALLEGATIONS**

41. Plaintiff and the class members are/were all hourly-paid employees of Defendant and performed similar manual labor job duties as one another.

42. Defendant failed to compensate Plaintiff, and those similarly situated, a time-and-a-half overtime premium for their hours worked over forty (40) in workweeks throughout the relevant time period.

43. The additional persons who may become Plaintiffs in this action are/were hourly paid employees of the Defendant who were not compensated for all hours worked, which resulted in workweeks where they worked in excess of forty (40) hours during one or more workweeks during the relevant time periods, but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

44.     This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All hourly-paid non-exempt employees who worked for Defendant within the last three years, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

45.     Specifically, despite the fact that numerous employees brought Defendant's aforementioned illegal policies and FLSA violations to Defendant's attention throughout their employment, Defendant's refused to pay Plaintiff and those similarly situated their proper compensation as required by the FLSA.

46.     Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

47.     During the relevant period, Defendant violated the FLSA by retaining employees in an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

48.     Defendant's failure to properly compensate their employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendant's policy or practice that applies to all similarly situated employees, companywide.

49. Defendant acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

50. Defendant failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

51. Plaintiff realleges and reincorporates paragraphs 1 through 50 as if fully set forth herein.

52. Plaintiff worked in excess of forty (40) hours per week.

53. Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours she worked in excess of forty (40) hours each workweek.

54. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

55. At all times material hereto, Defendant failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

56. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for her hours worked in excess of forty (40) hours per week when they had knowledge, or should have known, such was, and is due to Plaintiff.

57. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

58. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

59. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

60. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

61. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and one half their regular rate of pay for such hours.

## COUNT III
## DECLARATORY RELIEF

62. Plaintiff realleges and reincorporates paragraphs 1 through 50 as if fully set forth herein.

63. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

64. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

65. Plaintiff may obtain declaratory relief.

66. Defendant employed Plaintiff.

67. Defendant is an enterprise.

68. Plaintiff was individually covered by the FLSA.

69. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. § 207(a)(1).

70. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

71. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

72. Plaintiff is entitled to an equal amount of liquidated damages.

73. It is in the public interest to have these declarations of rights recorded.

74. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

75. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's hours worked in excess of forty (40) hours per work week while employed by Defendant;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    d. Granting Plaintiff an Order, on an expedited basis, allowing her to send

    Notice of this action, pursuant to § 216(b), to those similarly situated to Plaintiff;

e.  Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions; Defendant failed to keep accurate time records, Defendant have a legal duty to pay Plaintiff overtime wage pursuant to the FLSA, Defendant failed to prove a good faith defense, and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

f.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 10th day of April, 2018.

                Respectfully Submitted,

                */s/ Michael N. Hanna*
                MICHAEL N. HANNA  (P81462)
                MORGAN & MORGAN, P.A.
                Attorney for Plaintiff
                2000 Town Center
                Suite 1900
                Southfield, MI 48075
                Tel:  313-251-1399
                Fax:  313-739-1975
                mhanna@forthepeople.com